**John Phillip O'BRIEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–00–01021–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 24, 2002.

Rehearing Overruled Nov. 27, 2002.

Allen C. Isbell, Houston, TX, for Appellant.

Bridget Holloway, Assistant District Attorney—Harris County, Houston, TX, for the State.

Panel consists of Justices MIRABAL, HEDGES, and JENNINGS.

## OPINION

ADELE HEDGES, Justice.

Appellant pled not guilty to murder. A jury found appellant guilty and assessed punishment at 35 years' confinement. In five points of error, appellant argues that the trial court erred in (1) denying his request for a charge on the lesser-included offense of manslaughter, (2) allowing the State to question appellant on why he obtained a pistol, (3) refusing to give appellant an extra peremptory strike, and (4) allowing improper prosecutorial argument. We reverse and remand.

### Background

On April 9, 1999, a group of family and friends went bowling. Richard Perez, a member of the group, left the bowling alley first. He began arguing with teenagers who were across the street. The teenagers got off their bikes and walked toward Perez. At the same time, other members of Perez's group came outside from the bowling alley and chased the teenagers away from the area.

Later, one of the teenagers found appellant and told him what had occurred. Appellant and his friends drove to the

bowling alley in a red Ford Mustang to confront the bowling group. After exiting the Mustang, appellant retrieved a gun from under the hood while someone else carried a bat.

A woman from the bowling group approached appellant and told him to put the gun away. During the altercation, Lionel Rodriguez was shot. Appellant then fled the scene. Rodriguez later died from a gunshot wound to the chest.

### Lesser–Included Offense

■ In his first point of error, appellant argues that the trial court erred in denying his request for a charge on the lesser-included offense of manslaughter. During the charge conference, appellant requested that involuntary manslaughter be included as a lesser offense.

■ A charge on a lesser-included offense must be given if (1) the lesser-included offense is included within the proof necessary to establish the charged offense, and (2) there is some evidence in the record that would permit a jury rationally to find that, if the defendant is guilty, he is guilty only of the lesser offense. *Rousseau v. State*, 855 S.W.2d 666, 672–73 (Tex. Crim.App.1993); TEX.CODE CRIM. PROC. ANN. art. 37.09 (Vernon 1981). The credibility of the evidence and whether it conflicts with other evidence or is controverted may not be considered in determining whether an instruction on a lesser-included offense should be given. *Banda v. State*, 890 S.W.2d 42, 60 (Tex.Crim.App.1994). Regardless of its strength or weakness, if any evidence raises the issue that the defendant was guilty only of the lesser offense, then the charge must be given. *Saunders v. State*, 840 S.W.2d 390, 391 (Tex.Crim.App.1992).

■ Manslaughter is a lesser-included offense of murder. *Moore v. State*, 969 S.W.2d 4, 9 (Tex.Crim.App.1998). Therefore, we must determine whether there was some evidence that appellant was guilty only of manslaughter. We examine all of the evidence that would support a verdict of guilt only on the lesser charge. *Bignall v. State*, 887 S.W.2d 21, 23 (Tex. Crim.App.1994).

■ Manslaughter would require a finding that appellant recklessly caused Rodriguez's death. TEX. PEN.CODE ANN. § 19.04 (Vernon 1994). In determining whether there is evidence to support a charge on recklessness, a statement that appellant did not intend to kill the victim "cannot be plucked out of the record and examined in a vacuum." *Godsey v. State*, 719 S.W.2d 578, 584 (Tex.Crim.App.1986).

Appellant contends that there is evidence to support the charge of manslaughter. Specifically, appellant asserts that, during the trial, he denied that he intentionally killed Rodriguez. He admitted that he retrieved the gun because he saw that his brother was surrounded by several men. Shortly thereafter, Leticia Astorga came forward and grabbed appellant's shirt. He pushed her back and then pointed his gun at Rodriguez. Appellant also saw Jason Astorga carrying a two-inch by four-inch piece of wood and moving to appellant's side to get around him. Appellant then heard a woman's scream from the Mustang, turned to look, and then turned back toward Rodriguez. When he turned back around, appellant was struck by the piece of wood. Appellant testified that when he was hit by the wood, it caused him to "clench," and the gun went off. Appellant recalled being thrown to the ground from the force of the piece of wood.

Based on this testimony, there is some evidence that appellant could be guilty only of recklessly causing Rodriguez's death. Although appellant pointed the

gun at Rodriguez, there is some evidence that the gun accidentally went off after he was hit by the board. Accordingly, we conclude that the trial court abused its discretion in not giving an instruction on manslaughter.

The State argues that appellant was not entitled to a manslaughter charge because he was given a self-defense charge, which is inconsistent with manslaughter. In support, it cites *Martinez v. State*, 16 S.W.3d 845, 848 (Tex.App.-Houston [1st Dist.] 2000, pet. ref'd), which holds that "one cannot accidentally or recklessly act in self-defense." *Id.* Similar language is found in *Avila v. State*, 954 S.W.2d 830, 834 (Tex.App.-El Paso 1997, pet. ref'd); *Johnson v. State*, 915 S.W.2d 653, 659 (Tex.App.-Houston [14th Dist.] 1996, pet. ref'd); and *Mock v. State*, 848 S.W.2d 215, 219 (Tex.App.-El Paso 1992, pet. ref'd). While we agree with the principle of law upon which these cases rely, we believe that it does not apply in this case. In those cases, there was no evidence that the defendant acted recklessly. To the contrary, the evidence established that the defendant acted intentionally, but there was evidence that the intentional act was justified as self-defense.

■ In this case, there is some evidence that appellant acted recklessly, thereby entitling him to a manslaughter charge. "It is well settled that an accused has the right to an instruction on any defensive issue raised by the evidence, whether that evidence is weak or strong, unimpeached or contradicted, and regardless of what the trial court may or may not think about the credibility of the evidence." *Granger v. State*, 3 S.W.3d 36, 38 (Tex.Crim.App. 1999); *see Hayes v. State*, 728 S.W.2d 804, 809–10 (Tex.Crim.App.1987) (error to refuse charge on reckless conduct when self-defense charge given).

■ The erroneous refusal to give a requested instruction on a lesser-included offense is charge error subject to *an Almanza* harm analysis. *Saunders v. State*, 840 S.W.2d 390, 392 (Tex.Crim.App.1992); *see Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App.1985) (op. on rehearing). Under that analysis, reversal is required if the error resulted in some harm to the accused, "some" meaning "any." *Arline v. State*, 721 S.W.2d 348, 351 (Tex.Crim.App. 1986); *Almanza*, 686 S.W.2d at 171. If the absence of the lesser-included offense instruction left the jury with the sole option either to convict the defendant of the charged offense or to acquit him, a finding of harm is essentially automatic because the jury was denied the opportunity to convict the defendant of the lesser offense. *Saunders v. State*, 913 S.W.2d 564, 571 (Tex.Crim.App.1995). In cases such as this, there is a distinct possibility that the jury, believing the defendant to have committed some crime, but given only the option to convict him of the greater offense, may have chosen to find him guilty of that greater offense, rather than to acquit him altogether, even though it had a reasonable doubt that he really committed the greater offense. *Id.* (citing *Beck v. Alabama*, 447 U.S. 625, 634, 100 S.Ct. 2382, 2388, 65 L.Ed.2d 392 (1980)).

The jury had two options in this case: find appellant guilty of murder or acquit him. It chose to convict him of murder and assessed punishment at 35 years' imprisonment. The range of punishment for murder is confinement for 5 to 99 years or life. TEX. PEN.CODE ANN. §§ 19.02, 12.32 (Vernon 1994). At trial, appellant requested the lesser-included offense of manslaughter, with a range of punishment of 2 to 20 years confinement. TEX. PEN.CODE ANN. §§ 19.04, 12.33 (Vernon 1994). Appellant was harmed because the jury was not given the opportunity to find him guilty of the lesser offense, which it could

reasonably have done based on the evidence.

We sustain appellant's first point of error.

In light of our disposition of the first point of error, it is unnecessary for us to examine the remaining points of error.

## Conclusion

We reverse the judgment of the trial court and remand the cause for further proceedings consistent with this opinion.