Opinion issued on May 1, 2003



     






In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00752-CR




MICHAEL RAY, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 182nd District Court
Harris County, Texas
Trial Court Cause No. 901330




O P I N I O N

          A jury found appellant, Michael Ray, guilty of third degree felony theft of
property worth more than $20,000 but less than $100,000, and, after finding two
enhancement paragraphs to be true, the trial court sentenced him to 60 years’
confinement. In two points of error, appellant argues that (1) the evidence was
factually insufficient to support his conviction, and (2) the trial court erred in denying
his request for an instruction on the lesser-included offense of state jail felony theft.
          We reverse and remand.
Factual Background
          Lloyd Johnson, a floor manager at Gulf Coast Truck Center, was working at
the automobile dealership on January 21, 2002, when appellant arrived at the
dealership and expressed an interest in a 1999 Ford Expedition. Because the sale was
still incomplete at 11:00 p.m., Johnson allowed appellant to take the vehicle overnight
as a courtesy, with the understanding that he would return the next day before noon
with a down payment and proof of insurance. Appellant failed to return at the
appointed hour the next day. Johnson and a general manager attempted to locate
appellant and the vehicle. After several unsuccessful attempts, Johnson reported the
vehicle stolen. 
          On February 1, 2002, Deputy Shaffer with the Harris County Sheriff’s
Department was dispatched to a Planet Ford dealership. The deputy saw appellant
out on the lot heading toward a Ford Expedition, stopped him, and asked for
identification. Appellant produced his driver’s licence identifying him as Michael
Ray. Deputy Shaffer testified that he ran the VIN number on the Expedition and that
it came back as reported stolen. Deputy Shaffer testified that he later learned the
vehicle belonged to the Gulf Coast Trucking dealership. 
          Johnson was contacted around 8:00 p.m. that night and was asked to come to
Planet Ford Dealership to identify the Expedition and appellant. At Planet Ford,
Johnson positively identified the Expedition and appellant as the man who took the
Expedition from his dealership on January 21, 2002.  
Factual Sufficiency of the Evidence
          In his first point of error, appellant argues that the evidence was factually
insufficient to support his conviction of third degree felony theft because the evidence
supporting the value of the Expedition as worth more than $20,000 was so weak as
to create a result that was manifestly wrong and unjust. 
          In reviewing factual sufficiency, we examine all of the evidence neutrally, and
ask whether proof of guilt is so obviously weak or greatly outweighed by contrary
proof as to indicate that a manifest injustice has occurred. King v. State, 29 S.W.3d
556, 563 (Tex. Crim. App. 2000). 
          A person commits the offense of third degree felony theft if he unlawfully
appropriates property with intent to deprive the owner of the property and the value
of the property stolen is $20,000 or more, but less than $100,000. Tex. Pen. Code
Ann. §§ 31.03(a), 31.03(e)(5) (Vernon Supp. 2003). A person commits the lesser
offense of a state jail felony if the property unlawfully appropriated is valued at
$1500 or more, but less than $20,000. Tex. Pen. Code Ann. § 31.03(a), 31.03(e)(4). 
The Texas Penal Code defines value in theft prosecutions as follows: 
          (1)     The fair market value of the property or service at the time and place of 
the offense; or
          (2)     If the fair market value cannot be ascertained, the cost of replacing the
property within a reasonable time after the theft.

Tex. Pen. Code Ann. § 31.08(a) (Vernon 1994).
          While fair market value is not statutorily defined, it has been stated as the
amount the property would sell for in cash, given a reasonable time for selling it. 
Keeton v. State, 803 S.W.2d 304, 305 (Tex. Crim. App. 1991). Fair market value can
be proven by evidence of the retail price or sale price, by testimony of an owner’s
opinion of value, or an expert opinion of value. Id. No one method has been held to
be exclusive. Id. When the owner of the property is testifying as to the value of the
property, he may testify as to his opinion or estimate of the value of the property in
general and commonly understood terms. Sullivan v. State, 701 S.W.2d 905, 909
(Tex. Crim. App. 1986). A person may testify as the “special owner” of property if
it is shown that he has care, custody, or control of the property by virtue of his
employment relationship with the corporation that owns the property. See Harris v.
State, 846 S.W.2d 960, 962 (Tex. App.—Houston [1st Dist.] 1993, pet. ref’d). 
          The indictment alleged Johnson as the owner of the Expedition stolen by
appellant. At trial, Johnson testified that he had been working at Gulf Coast Truck
Center for three years and that his responsibilities included sales and management. 
Appellant did not challenge Johnson’s status as owner of the Expedition at trial.
          As owner of the Expedition, Johnson testified that the value of the Expedition
was between $21,000 and $22,000, and that it was later purchased for $23,170. 
Johnson also testified on cross-examination that the value of the Expedition could
fluctuate $2,000 higher or lower than the $21,000 to $22,000 range, and then later
stated that the value of the Expedition could be as low as $19,999 or as high as
$24,000. 
          In support of his factual sufficiency argument, appellant relies on
inconsistencies in Johnson’s trial testimony. He contends that because Johnson’s
estimations of value varied depending on who was questioning him, the evidence was
so weak as to undermine confidence in the jury’s determination. The weight to be
given to contradictory testimonial evidence is within the sole province of the jury,
because it turns on an evaluation of credibility and demeanor. McKinny v. State, 76
S.W.3d 463, 469 (Tex. App.—Houston [1st Dist.] 2002, pet. denied). A jury’s
decision is not manifestly unjust merely because the jury resolved conflicting views
of evidence in favor of the State. Id. The jury could have reasonably found, based on
the testimony of Johnson, that the fair market value of the vehicle was worth $20,000
or more. Accordingly, we hold that the evidence was not factually insufficient to
support the jury’s verdict. 
          We overrule appellant’s first point of error.
 
Jury Instruction on Lesser-Included Offense
          In his second point of error, appellant argues that the trial court abused its
discretion in denying appellant’s requested instruction on the lesser-included offense
of state jail felony theft because there was more than a scintilla of evidence to show
that the value of the Expedition was less than $20,000.00. 
          An instruction on a lesser-included offense is required only if (1) the lesser
offense is included within the proof necessary to establish the offense charged, and
(2) some evidence exists in the record that, if the defendant is guilty, he is guilty only
of the lesser-included offense. Rousseau v. State, 855 S.W.2d 666, 672 (Tex. Crim.
App. 1993). Anything more than a scintilla of evidence is sufficient to entitle a
defendant to a lesser charge. Bignall v. State, 887 S.W.2d 21, 23 (Tex. Crim. App.
1994). 
          The State argues that there was no evidence in the record that the jury could
have rationally relied upon to find appellant guilty only of theft of property valued
at more than $1,500, but less than $20,000. We disagree. While Johnson testified at
trial that the value of the Expedition was “somewhere between $22,000 and $21,000,”
and that it sold for $23,170, he also testified that the value of the Expedition could
be as much as $2,000 less or more than the $21,000 to $22,000 range. Johnson also
later testified that the value of the Expedition could be as little as $19,999 and as
much as $24,000. 
          Johnson’s testimony amounts to more than a scintilla of evidence that the value
of the Expedition was less than $20,000. We are required to “view the evidence in
the light most favorable to appellant and give him the benefit of reasonable inferences
from it, without regard to whether the evidence is credible, controverted, or in conflict
with other evidence.” Upchurch v. State, 23 S.W.3d 536, 540 (Tex. App.—Houston
[1st Dist.] 2000, pet. ref’d). Accordingly, we hold that the trial court erred in denying
appellant’s instruction on the lesser-included offense of state jail felony theft.
Harm Analysis
          Having determined that the trial court erred in denying appellant’s requested
instruction, we now determine if appellant was harmed by the error. Tex. Code
Crim. Proc. Ann. art 36.19 (Vernon 1981). 
          When the trial erroneously refuses to give an instruction on a lesser-included
offense, reversal is required if the error resulted in some harm to the accused, “some”
meaning “any.” O’Brien v. State, 89 S.W.3d 753, 756 (Tex. App.—Houston [1st
Dist.] 2002, no pet. h.). If the absence of the lesser-included offense instruction left
the jury with the sole option either to convict the defendant of the charged offense or
acquit him, a finding of harm is essentially automatic because the jury was denied the
opportunity to convict the defendant of the lesser offense. Saunders v. State, 913
S.W.2d 564, 571 (Tex. Crim. App. 1995); O’Brien, 89 S.W.3d at 756. 
          A person convicted of a third degree felony theft with two prior felonies may
be punished by confinement for life, or confinement for not more than 99 years or less
than 25 years. Tex. Pen. Code Ann. § 12.42(e) (Vernon Supp. 2003). In this case,
appellant was convicted of third degree felony theft, and after a finding of two prior
felony convictions, sentenced to 60 years’ confinement. If appellant had been
convicted of state jail felony theft, and the two enhancements were still found true,
appellant could only have been punished for a second degree felony. Tex. Pen. Code
Ann. § 12.42(a)(2). A person convicted of a second degree felony may be punished
by confinement of not more than 20 years and not less than two years. Tex. Pen.
Code Ann. § 12.33 (Vernon 1994). Accordingly, we hold that, because the jury did
not have the option to find appellant guilty of the lesser-included offense of state jail
felony theft, appellant was harmed by the trial court’s error. 
          We sustain appellant’s second issue.
Conclusion
          We reverse and remand this case to the trial court.
 

                                                             Sherry Radack
                                                             Chief Justice
 
Panel consists of Chief Justice Radack and Justices Nuchia and Hanks.
Publish. Tex. R. App. P. 47.2(b).