NO. 07-02-0252-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



JULY 22, 2003


______________________________



JAMIE BENITEZ
,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2002-438,832; HON. JIM BOB DARNELL, PRESIDING


_______________________________



Before QUINN and REAVIS, JJ., and BOYD, S.J. (1)

 Appellant Jamie Benitez challenges his conviction of manslaughter by contending
1) the trial court erred in overruling his objection to the inclusion of an instruction on
manslaughter in the jury charge, 2) the evidence is legally and factually insufficient to
support the jury verdict of manslaughter, and 3) the trial court erred in admitting
extraneous offense evidence which affected his substantial rights. We affirm the judgment
of the trial court. 

 

Background


 During the early morning of April 25, 2001, appellant and his brother Jacky Benitez
(Jacky) went to a bar called Cherokee's and met Dorothy Cantu Guzman (Dorothy) whom
Jacky was dating, her niece Ashley Gomez (Ashley), and Dorothy's friend Eloida. They
drank some beer, and when the bar closed, Jacky, Dorothy, and Ashley drove Eloida
home. They stayed at Eloida's house for a while where appellant later joined them. Then
Jacky, Dorothy, and appellant left to take Ashley to a friend's apartment. Ashley's friend
was not at home, so they drove to a house that belonged to appellant's uncle. Jacky,
Dorothy, and appellant all got out of the car while they were at that residence. After a
while, the group left to take Ashley to her father's house. Jacky was driving with Dorothy
in the front seat, appellant behind Jacky, and Ashley sitting behind Dorothy. At some time
during all of this driving around, appellant and Jacky began to argue. (2) While on the way
to Ashley's father's house, Jacky stopped the car and told appellant to get out. Appellant
did not seem to want to get out, but Jacky got out and opened the door for him. Appellant
then got out and the two continued to argue. Appellant shot Jacky with a gun, and Jacky
later died as a result of the wound. Four shell casings were found at the scene. 

 Appellant was indicted for the offense of murder, i.e. intentionally and knowingly
causing the death of an individual. However, the jury was also instructed on the lesser-
included offenses of manslaughter and criminally negligent homicide. The jury found
appellant guilty of manslaughter. 





Issue One - Instruction on Lesser-Included Offense


 In his first issue, appellant complains that the trial court erred in overruling his
objection to the charge on the lesser-included offense of manslaughter. He argues that
there is no evidence that if he is guilty, he is guilty only of manslaughter, i.e. acting
recklessly. We overrule the issue.

 In this instance, appellant initially requested that the instructions on the lesser-
included offenses of manslaughter and criminally negligent homicide be removed from the
charge while the State requested the inclusion of the instruction on manslaughter. (3) When
appellant made his more formal objection, he only objected to the instruction on
manslaughter on the basis that manslaughter was mutually exclusive of his primary
defense of self-defense (4) and would serve to confuse the jury. At the time the court
overruled his objection, appellant then requested that the instruction on criminally
negligent homicide also be included in the charge.

 An instruction on a lesser-included offense is proper when 1) the lesser-included
offense is included within the proof necessary to establish the offense charged and 2)
some evidence exists in the record that would permit a rational jury to find that if the
defendant is guilty, he is guilty only of the lesser offense. Rousseau v. State, 855 S.W.2d
666, 672-73 (Tex. Crim. App.), cert. denied, 510 U.S. 919, 114 S.Ct. 313, 126 L.Ed.2d 260
(1993). To satisfy the second requirement, it is not enough that the jury may disbelieve
crucial evidence pertaining to the greater offense. Bignall v. State, 887 S.W.2d 21, 24
(Tex. Crim. App. 1994). Instead, there must be some evidence directly germane to the
lesser offense meaning that there must be evidence affirmatively showing that appellant
only committed the lesser offense. Id. That evidence may come from any source, Lugo
v. State, 667 S.W.2d 144, 147 (Tex. Crim. App. 1984), and anything more than a scintilla
of evidence is sufficient to entitle a party to a charge on a lesser-included offense. Ferrel
v. State, 55 S.W.3d 586, 589 (Tex. Crim. App. 2001); Means v. State, 955 S.W.2d 686,
691 (Tex. App.--Amarillo 1997, pet. ref'd, untimely filed). Negating an element of the
greater offense or presenting testimony subject to differing interpretations when one
interpretation supports the lesser offense are two ways of satisfying the burden. Schweinle
v. State, 915 S.W.2d 17, 19 (Tex. Crim. App. 1996). Further, it does not matter whether
that evidence is credible, controverted, or in conflict with other evidence. Moore v. State,
969 S.W.2d 4, 8 (Tex. Crim. App. 1998).

 Finally, when determining whether the State was entitled to the charge on
manslaughter, we must view the evidence in the light most favorable to the requesting
party. Granger v. State, 3 S.W.3d 36, 38 (Tex. Crim. App. 1999). Further, the instruction
may be submitted even over the defendant's objection, assuming evidence supports its
submission. Willis v. State, 761 S.W.2d 434, 435-36 (Tex. App.-Houston [14th Dist.] 1988,
pet. ref'd). 

 Here, appellant was charged with intentionally and knowingly causing the death of
Jacky. Tex. Pen. Code Ann. §19.02(b)(1) (Vernon 2003). A person commits manslaughter
if he recklessly causes the death of an individual. Id. §19.04. A person acts recklessly
with respect to circumstances surrounding his conduct or the result of his conduct when
he is aware of but consciously disregards a substantial and unjustifiable risk that the
circumstances exist or the result will occur. Id. §6.03(c). That risk must be of such a
nature and degree that its disregard is a gross deviation from the standard of care that an
ordinary person would exercise under all the circumstances. Id. Also, manslaughter is
a lesser-included offense of murder because it requires a less culpable mental state. Tex.
Code Crim. Proc. Ann. art. 37.09 (3) (Vernon 1981); see also Moore v. State, 969 S.W.2d
4, 9 -10 (Tex. Crim. App. 1998). The obligation to submit an instruction on this particular
lesser-included offense arises when the record contains some evidence that the defendant
did not intend the resulting death nor knew that it was reasonably certain to occur. Jones
v. State, 963 S.W.2d 177, 180 (Tex. App.-Fort Worth 1998, pet. ref'd).

 Next, appellant did not testify, but gave a written statement to police, which was
admitted into evidence. In that statement, he said that Jacky was going to "come at [him],"
and he admitted firing the gun. However, he also stated that he "didn't put the gun straight
up" but held it and "fired it down." Appellant further said that he believed his brother was
"gonna chase [him] down"; so, he shot at the victim's foot "to stop him." He also professed
that the shooting was not "premeditated," that he did not want to shoot his brother, that he
did not know Jacky was shot, and that he fired towards the ground and Jacky's foot only
to stop Jacky from chasing him. Approximately four shots were fired. The police verified
that there were three gouges in the pavement, indicating that someone had shot into the
ground. An officer also testified that the recoil from four bullets shot in rapid succession
would cause the weapon's aim or bullet's trajectory to rise. The foregoing is some
evidence from which a jury could reasonably infer that appellant fired at the ground to
scare or warn Jacky and that he did so without the mens rea to commit murder (i.e.
intentional or knowing). Thus, there was more than a scintilla of evidence from which a
rational jury could conclude that if appellant was guilty, he was guilty only of the lesser
offense. 

 Appellant argues that since he was pursuing the claim of self-defense, the trial court
could not submit the instruction on manslaughter. This is allegedly so because one cannot
act accidentally or recklessly in self-defense. While authority holds this to be true, e.g.,
Martinez v. State, 16 S.W.3d 845, 848 (Tex. App.--Houston [1st Dist.] 2000, pet. ref'd),
Avila v. State, 954 S.W.2d 830, 843 (Tex. App.--El Paso 1997, pet. ref'd), Johnson v.
State, 915 S.W.2d 653, 659 (Tex. App.--Houston [14th Dist.] 1996, pet. ref'd), it is also true
that if some evidence appears of record supporting the submission of both self-defense
and manslaughter, then the trial court may submit both issues to the jury. O'Brien v. State,
89 S.W.3d 753, 755-56 (Tex. App.-Houston [1st Dist.] 2002, no pet.); accord, Jones v.
State, 984 S.W.2d 254, 257 (Tex. Crim. App. 1998) (stating that if there is evidence which
raises a lesser-included offense, an instruction on the lesser offense should be given even
if the evidence does not fit in with the larger theme of the defendant's testimony). (5) 
Moreover, Martinez, Avila, and the others are distinguishable since the records there did
not contain some evidence of recklessness. O'Brien v. State, 89 S.W.3d at 756. 

Issues Two and Three - Sufficiency of the Evidence


 In his second and third issues, appellant complains that the evidence is neither
legally nor factually sufficient to support the jury's verdict. We overrule the issues.

 The standards of review applicable to determining whether the evidence is legally
and factually sufficient to support a conviction are well-settled. We refer the parties to
Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed.2d 560 (1979), Sims v.
State, 99 S.W.3d 600, 601 (Tex. Crim. App. 2003), Zuliani v. State, 97 S.W.3d 589, 593-94
(Tex. Crim. App. 2003), and King v. State, 29 S.W.3d 556, 562-63 (Tex. Crim. App. 2000)
for explanation. Further, we have already iterated the elements required to prove the
offense of manslaughter as well as the evidence regarding the issue of recklessness. 

 Recklessness and danger are presumed if a defendant knowingly points a firearm
at or in the direction of another. Tex. Pen. Code Ann. §22.05(c) (Vernon 2003). In this
instance, and as discussed in the preceding issue, there is some evidence that appellant
acted recklessly in causing the death of Jacky. That evidence also would permit a rational
jury to conclude, beyond reasonable doubt, that though appellant aimed in his brother's
direction and fired, he did not intentionally or knowingly cause his death. Furthermore,
neither conclusion would be manifestly unjust or against the evidence of record. 
Accordingly, the verdict enjoys both legally and factually sufficient support. 

 Issues Four and Five - Extraneous Offense

 Via his fourth and fifth issues, appellant argues that the trial court erred in overruling
his objection under Rule 403 of the Rules of Evidence to the admission of evidence
regarding an extraneous offense which affected his substantial rights. We overrule the
issues.

 The evidence appellant complains of is testimony from Anna Martinez (Anna), a
former girlfriend of appellant who was dating Jacky at the time of his death. According to
Anna, appellant threatened her around 2:00 a.m. on April 25, 2001, by telling her that she
was going to end up dead since she was "disrespecting" him. Then, he patted what
appeared to her to be the outline of a gun under his shirt. Appellant objected to this
evidence on the basis that its probative value was substantially outweighed by its
prejudicial value. 

 Assuming arguendo, that the admission of this testimony was erroneous, we find
the purported error harmless. As acknowledged by appellant in his brief, the State
proffered the evidence to rebut his claim of self-defense. That is, the evidence was
tendered in an effort to show that appellant intended to kill those who "disrespected" him,
which, according to appellant, Jacky did on the night of the shooting. Furthermore, the trial
court restricted its consideration to the issue of intent. Yet, the jury did not find that
appellant intentionally or knowingly murdered his brother. That is, it did not find that he
acted with the mens rea supposedly evinced by the threat to Anna. Instead, the jury found
he acted recklessly when he pointed the gun towards the ground and shot in the direction
of Jacky's foot. Thus, the jury either discredited the purportedly inadmissible testimony or
found it unpersuasive. Given this, we cannot say that the evidence had any influence on
the verdict much less the substantial influence required by Rule of Appellate Procedure
44.2(b) to illustrate harm.

 Accordingly, the judgment of the trial court is affirmed.


 Per Curiam


Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't
Code Ann. §75.002(a)(1) (Vernon Supp. 2003). 
2. There is evidence that appellant and Jacky had a contentious relationship, and they argued
frequently. 
3. The State is equally entitled to seek a charge on a lesser offense when it feels that the proof has
fallen short of proving the charged offense. Ford v. State, 38 S.W.3d 836, 840 (Tex. App.--Houston [14th
Dist.] 2001, pet. ref'd). 
4. There is no evidence that Jacky was carrying a weapon on the night he was shot by appellant.
However, there is evidence that Jacky was larger than appellant and had won some boxing contests. 
5. There are also cases in which it has been held that recklessness is raised even though the
defendant consciously pulled the trigger of a gun. See Bell v. State, 693 S.W.2d 434, 443-44 (Tex. Crim.
App. 1985) (the defendant said he fired four shots in the air to scare someone although the shots went into
an occupied trailer); Johnson v. State, 828 S.W.2d 511, 514 - 15 (Tex. App.--Waco 1992, pet. ref'd) (the
defendant shot twice while wrestling with the victim); Mullins v. State, 767 S.W.2d 166, 169-70 (Tex. App.--Houston [1st Dist.] 1988, pet. ref'd) (the jury could have inferred the defendant recklessly fired a warning shot
intended to hit a vacant apartment); Hernandez v. State, 742 S.W.2d 841, 843 (Tex. App.--Corpus Christi
1987, no pet.) (the defendant testified he merely tried to scare the victim away).