NO. 07-03-0205-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



MARCH 5, 2004



______________________________




CHARLES EDWARD WILLIAMS, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 411TH DISTRICT COURT OF SAN JACINTO COUNTY;



NO. 8590; HONORABLE ROBERT H. TRAPP, JUDGE



_______________________________



Before QUINN and REAVIS, JJ., and BOYD, S.J. (1)

MEMORANDUM OPINION


 Following his plea of not guilty, appellant Charles Edward Williams was convicted by
a jury of theft and punishment was assessed at two years confinement in a state jail facility,
suspended for five years, and a $500 fine. Presenting a sole point of error, appellant
contends his rights to due process and equal protection of the law were violated by the
prosecution's use of a racially motivated peremptory challenge against venire member
Calvin Harden. We affirm.

 Appellant was charged with theft for cutting down timber pursuant to a purported
contract without the property owner's authorization. When the case proceeded to trial and
following voir dire examination, the trial court asked the venire persons, whose names were
called, to be seated in the jury box. After the jury was sworn the court announced, "[t]hose
of you not selected, I'm going to let you go at this time and excuse you. . . . Thank you very
much. You are free to go."

 Following preliminary instructions to the jury, the trial court asked defense counsel
if there were any other matters that needed to be addressed. The following colloquy
transpired:

 [Defense counsel]: Your Honor, you did not ask us if we had any objection to
the jurors that were seated. In reviewing my notes, it appears that the
prosecution struck three members of the jury panel who were black. One of
them there was some articulated reasons for being struck. That was Angela
Sykes. The other two, No. 12, Gloria Adams, and No. 19, Calvin Harden, I
don't remember either of these saying a word during the entire jury selection
process. 

 Under the Batson v. Kentucky case, which I know the Court is familiar with,
the prosecution is required not to strike jurors on account of their race. And
if a challenge is made pursuant to the Batson case, the prosecution will be
required to explain why jurors of the defendant's race were stricken. And so
I'm going to do so at this time. 

 The Court: Okay. At this time the Court is going to find that the 12 jurors that
were seated have been sworn in. I don't - the Court is going to rule that your
motion is not timely. If you wish to preserve error and make a bill, you can do
that; but I'm going to find it's not timely made at this time.

 [Defense counsel]: Well, I wasn't given a chance to do that, Judge.

 The Court: I understand that. That's why I'm going to give you an opportunity,
if you want them to articulate that. I'm overruling your motion. If you want to
make it a bill for the record. I'll allow them to state their reasons.


After the prosecutor explained that he had independent knowledge that Calvin Harden was
a relative of appellant and never responded to that question during voir dire, the trial court
concluded that Harden was struck for a race-neutral reason. (2) Defense counsel did not offer
any explanation to rebut the prosecution's reason.

 A party making a Batson challenge must timely object and make a prima facie
showing of discriminatory motives. (3) If the accused objects and makes a prima facie
showing, the burden shifts to the prosecution to come forward with a race-neutral
explanation. Batson, 476 U.S. at 97. Once the prosecution offers a race-neutral
explanation, the burden shifts back to the accused to show the explanation is only a pretext
for race-motivated strikes. Id.; see also Herron v. State, 86 S.W.3d 621, 630 (Tex.Cr.App.
2002). A trial court's ruling on a Batson challenge is reviewed in the light most favorable 
to it, applying a clearly erroneous standard of review. Williams v. State, 804 S.W.2d 95,
101 (Tex.Cr.App. 1991).

 Appellant asserts his rights were violated by the State's exercise of a peremptory
challenge to venire person Calvin Harden. The State argues that appellant failed to timely
raise his Batson objection and, alternatively, that he failed to rebut the State's race-neutral
explanation. We agree with the State.

 To preserve an issue for appeal, a party must make a timely and specific objection. 
Tex. R. App. P. 33.1(a). To preserve a Batson objection, a party must object to the
peremptory strike before the jury is sworn and the remainder of the venire persons are
dismissed. Parra v. State, 935 S.W.2d 862 S.W.2d 869 (Tex.App.-Texarkana 1996, pet.
ref'd).

 Appellant's objection to the prosecution's use of a peremptory strike on Calvin
Harden came after the jury was sworn and the remaining venire persons were dismissed. 
Despite the trial court's generosity in allowing the prosecution to offer its race-neutral reason
for striking Harden, error, if any, was not preserved for review. Additionally, appellant did
not rebut the prosecution's race-neutral explanation. Appellant's sole point of error is
overruled.

 Accordingly, the judgment of the trial court is affirmed.

 Don H. Reavis

 Justice

 


Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.
2. Appellant only complains on appeal of the prosecution exercising a peremptory
challenge on Calvin Harden.
3. Batson v. Kentucky, 476 U.S. 79, 106. S.Ct. 1712, 90 L.Ed.2d 69 (1986).



(c). That risk must be of such a
nature and degree that its disregard is a gross deviation from the standard of care that an
ordinary person would exercise under all the circumstances. Id. Also, manslaughter is
a lesser-included offense of murder because it requires a less culpable mental state. Tex.
Code Crim. Proc. Ann. art. 37.09 (3) (Vernon 1981); see also Moore v. State, 969 S.W.2d
4, 9 -10 (Tex. Crim. App. 1998). The obligation to submit an instruction on this particular
lesser-included offense arises when the record contains some evidence that the defendant
did not intend the resulting death nor knew that it was reasonably certain to occur. Jones
v. State, 963 S.W.2d 177, 180 (Tex. App.-Fort Worth 1998, pet. ref'd).

 Next, appellant did not testify, but gave a written statement to police, which was
admitted into evidence. In that statement, he said that Jacky was going to "come at [him],"
and he admitted firing the gun. However, he also stated that he "didn't put the gun straight
up" but held it and "fired it down." Appellant further said that he believed his brother was
"gonna chase [him] down"; so, he shot at the victim's foot "to stop him." He also professed
that the shooting was not "premeditated," that he did not want to shoot his brother, that he
did not know Jacky was shot, and that he fired towards the ground and Jacky's foot only
to stop Jacky from chasing him. Approximately four shots were fired. The police verified
that there were three gouges in the pavement, indicating that someone had shot into the
ground. An officer also testified that the recoil from four bullets shot in rapid succession
would cause the weapon's aim or bullet's trajectory to rise. The foregoing is some
evidence from which a jury could reasonably infer that appellant fired at the ground to
scare or warn Jacky and that he did so without the mens rea to commit murder (i.e.
intentional or knowing). Thus, there was more than a scintilla of evidence from which a
rational jury could conclude that if appellant was guilty, he was guilty only of the lesser
offense. 

 Appellant argues that since he was pursuing the claim of self-defense, the trial court
could not submit the instruction on manslaughter. This is allegedly so because one cannot
act accidentally or recklessly in self-defense. While authority holds this to be true, e.g.,
Martinez v. State, 16 S.W.3d 845, 848 (Tex. App.--Houston [1st Dist.] 2000, pet. ref'd),
Avila v. State, 954 S.W.2d 830, 843 (Tex. App.--El Paso 1997, pet. ref'd), Johnson v.
State, 915 S.W.2d 653, 659 (Tex. App.--Houston [14th Dist.] 1996, pet. ref'd), it is also true
that if some evidence appears of record supporting the submission of both self-defense
and manslaughter, then the trial court may submit both issues to the jury. O'Brien v. State,
89 S.W.3d 753, 755-56 (Tex. App.-Houston [1st Dist.] 2002, no pet.); accord, Jones v.
State, 984 S.W.2d 254, 257 (Tex. Crim. App. 1998) (stating that if there is evidence which
raises a lesser-included offense, an instruction on the lesser offense should be given even
if the evidence does not fit in with the larger theme of the defendant's testimony). (5) 
Moreover, Martinez, Avila, and the others are distinguishable since the records there did
not contain some evidence of recklessness. O'Brien v. State, 89 S.W.3d at 756. 

Issues Two and Three - Sufficiency of the Evidence


 In his second and third issues, appellant complains that the evidence is neither
legally nor factually sufficient to support the jury's verdict. We overrule the issues.

 The standards of review applicable to determining whether the evidence is legally
and factually sufficient to support a conviction are well-settled. We refer the parties to
Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed.2d 560 (1979), Sims v.
State, 99 S.W.3d 600, 601 (Tex. Crim. App. 2003), Zuliani v. State, 97 S.W.3d 589, 593-94
(Tex. Crim. App. 2003), and King v. State, 29 S.W.3d 556, 562-63 (Tex. Crim. App. 2000)
for explanation. Further, we have already iterated the elements required to prove the
offense of manslaughter as well as the evidence regarding the issue of recklessness. 

 Recklessness and danger are presumed if a defendant knowingly points a firearm
at or in the direction of another. Tex. Pen. Code Ann. §22.05(c) (Vernon 2003). In this
instance, and as discussed in the preceding issue, there is some evidence that appellant
acted recklessly in causing the death of Jacky. That evidence also would permit a rational
jury to conclude, beyond reasonable doubt, that though appellant aimed in his brother's
direction and fired, he did not intentionally or knowingly cause his death. Furthermore,
neither conclusion would be manifestly unjust or against the evidence of record. 
Accordingly, the verdict enjoys both legally and factually sufficient support. 

 Issues Four and Five - Extraneous Offense

 Via his fourth and fifth issues, appellant argues that the trial court erred in overruling
his objection under Rule 403 of the Rules of Evidence to the admission of evidence
regarding an extraneous offense which affected his substantial rights. We overrule the
issues.

 The evidence appellant complains of is testimony from Anna Martinez (Anna), a
former girlfriend of appellant who was dating Jacky at the time of his death. According to
Anna, appellant threatened her around 2:00 a.m. on April 25, 2001, by telling her that she
was going to end up dead since she was "disrespecting" him. Then, he patted what
appeared to her to be the outline of a gun under his shirt. Appellant objected to this
evidence on the basis that its probative value was substantially outweighed by its
prejudicial value. 

 Assuming arguendo, that the admission of this testimony was erroneous, we find
the purported error harmless. As acknowledged by appellant in his brief, the State
proffered the evidence to rebut his claim of self-defense. That is, the evidence was
tendered in an effort to show that appellant intended to kill those who "disrespected" him,
which, according to appellant, Jacky did on the night of the shooting. Furthermore, the trial
court restricted its consideration to the issue of intent. Yet, the jury did not find that
appellant intentionally or knowingly murdered his brother. That is, it did not find that he
acted with the mens rea supposedly evinced by the threat to Anna. Instead, the jury found
he acted recklessly when he pointed the gun towards the ground and shot in the direction
of Jacky's foot. Thus, the jury either discredited the purportedly inadmissible testimony or
found it unpersuasive. Given this, we cannot say that the evidence had any influence on
the verdict much less the substantial influence required by Rule of Appellate Procedure
44.2(b) to illustrate harm.

 Accordingly, the judgment of the trial court is affirmed.


 Per Curiam


Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't
Code Ann. §75.002(a)(1) (Vernon Supp. 2003). 
2. There is evidence that appellant and Jacky had a contentious relationship, and they argued
frequently. 
3. The State is equally entitled to seek a charge on a lesser offense when it feels that the proof has
fallen short of proving the charged offense. Ford v. State, 38 S.W.3d 836, 840 (Tex. App.--Houston [14th
Dist.] 2001, pet. ref'd). 
4. There is no evidence that Jacky was carrying a weapon on the night he was shot by appellant.
However, there is evidence that Jacky was larger than appellant and had won some boxing contests. 
5. There are also cases in which it has been held that recklessness is raised even though the
defendant consciously pulled the trigger of a gun. See Bell v. State, 693 S.W.2d 434, 443-44 (Tex. Crim.
App. 1985) (the defendant said he fired four shots in the air to scare someone although the shots went into
an occupied trailer); Johnson v. State, 828 S.W.2d 511, 514 - 15 (Tex. App.--Waco 1992, pet. ref'd) (the
defendant shot twice while wrestling with the victim); Mullins v. State, 767 S.W.2d 166, 169-70 (Tex. App.--Houston [1st Dist.] 1988, pet. ref'd) (the jury could have inferred the defendant recklessly fired a warning shot
intended to hit a vacant apartment); Hernandez v. State, 742 S.W.2d 841, 843 (Tex. App.--Corpus Christi
1987, no pet.) (the defendant testified he merely tried to scare the victim away).