NO. 07-03-0509-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JUNE 15, 2005

_____


PEDRO CHAVEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2003-401700; HONORABLE JIM BOB DARNELL, JUDGE

_____

Before QUINN, C.J., and REAVIS, J. and BOYD, S.J.[1]

**MEMORANDUM OPINION**

Following a plea of not guilty, appellant Pedro Chavez was convicted by a jury of murder and sentenced to fifty years confinement. By two issues, appellant contends the trial court erred (1) by failing to include an instruction in the charge on the lesser included offense of manslaughter, and (2) because the failure to include manslaughter in the charge

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

denied him due process and a fair trial as guaranteed under the Fourteenth Amendment. We affirm.

Appellant was involved in a dispute in which he shot the victim with a .45 caliber handgun. The incident occurred in the early morning hours of December 19, 2002, at a residence where appellant had gathered with friends for breakfast. Prior to the shooting, appellant and his friends participated in a pool tournament at a local bar. The group stayed at the bar until it closed and then met at the residence where they mixed drinks and socialized. The victim, who was known by appellant, had not been with the group at the bar. He arrived at the residence later and joined them in the kitchen.

When the victim arrived, he shook hands with appellant, and the group continued to drink and converse. Suddenly, the two men engaged in a heated argument and had to be separated. One of the friends escorted the victim outside to try to get him to calm down. Appellant remained inside the house for a brief period before deciding to go home. As he walked outside, he observed the victim standing in the driveway where his car was parked. When the victim saw appellant on the porch, he charged at him and struck him in the face with his fist. As the two were being separated, appellant drew his handgun and fired at the victim, hitting him multiple times in his left side and back. Appellant then handed the gun over to a friend and fled the scene. An autopsy determined the victim died of a gunshot wound to the lower back.

The next day, appellant turned himself in and was charged with murder. After a jury trial, he was found guilty and sentenced to fifty years confinement. By his first issue,

appellant argues the jury should have been instructed on the lesser offense of manslaughter because there was evidence he was trying to leave, did not intend to kill anyone, and fired warning shots to compel his attacker to disengage from the encounter. Appellant contends he was harmed by the court's failure to include the instruction and is entitled to a new trial. We disagree.

An instruction on a lesser included offense is proper when (1) the lesser included offense is included within the proof necessary to establish the offense charged, and (2) some evidence exists in the record that would permit a rational jury to find that if the defendant is guilty, he is guilty only of the lesser offense. Rousseau v. State, 855 S.W.2d 666, 672-73 (Tex.Cr.App. 1993); Tex. Code Crim. Proc. Ann. art. 37.09 (Vernon 1981).

Both parties are in agreement that manslaughter is a lesser included offense of murder. *See* Jackson v. State, 992 S.W.2d 469, 475 (Tex.Cr.App. 1999). Therefore, the first prong of *Rousseau* is met. Regarding the second prong, for a rational jury to find that appellant was guilty only of manslaughter, there must exist some evidence in the record that appellant was reckless in causing the death of the victim, but did not act intentionally or knowingly. Tex. Pen. Code Ann. § 19.04 (Vernon 2003); Adanandus v. State, 866 S.W.2d 210, 232 (Tex.Cr.App. 1993). Section 6.03(c) of the Penal Code provides that a person's conduct is reckless when he "is aware of but consciously disregards a substantial and unjustifiable risk . . . the result will occur." Tex. Pen. Code Ann. § 6.03(c) (Vernon 2003). In contrast, one acts intentionally "when it is his conscious objective or desire to engage in the conduct or cause the result" or knowingly "when he is aware that his conduct is reasonably certain to cause the result." *Id.* at (a)-(b). In other words, for appellant to

3

receive an instruction on the lesser included offense of manslaughter, a rational jury must be able to find that appellant behaved in such a way that he consciously disregarded a substantial and unjustifiable risk toward the victim, but was not aware that his conduct was reasonably certain to cause the victim's death. *See id.* at (a)-(c).

In the instant case, appellant claims he was attempting to leave the residence when he saw the victim standing near his vehicle in the driveway. He testified that when the victim refused to leave, he fired two warning shots into the air, but the victim did not leave and continued to make threats. Appellant then pointed the gun at the victim, turned his face, and fired until the gun was empty. At trial, appellant claimed he fired the gun in self-defense, stating if he had not shot the victim "it would [have been] the other way around." Accordingly, the jury was properly instructed on the law of self-defense. However, appellant was not entitled to an instruction on the lesser offense of manslaughter because one cannot accidentally or recklessly act in self-defense. Martinez v. State, 16 S.W.3d 845, 848 (Tex.App.–Houston [1st Dist.] 2000, pet. ref'd); Johnson v. State, 915 S.W.2d 653, 659 (Tex.App.–Houston [14th Dist.] 1996, pet. ref'd).

In his brief, appellant relies on *O'Brien v. State*, 89 S.W.3d 753, 756 (Tex.App.–Houston [1st Dist.] 2002, pet. ref'd), for the proposition that evidence which shows a defendant acted in self-defense may also exist alongside evidence the defendant was reckless in causing his attacker's death. In *O'Brien*, the defendant intentionally aimed a gun at the victim in self-defense but was struck over the head with a board which caused him to clench and fire the gun accidentally. *Id.* at 755-56. The court determined the

4

evidence was sufficient to suggest the defendant recklessly caused the death of the victim and entitled him to an instruction on the lesser offense of involuntary manslaughter. *Id.*

In the present case, although he argues he did not intend to kill anyone, the evidence shows appellant intentionally pointed the gun at the victim and fired until the clip was empty. Unlike *O'Brien*, there is no evidence which would permit a rational jury to conclude that appellant's conduct was merely reckless in nature. *See also* Stewart v. State, 587 S.W.2d 148, 151 (Tex.Cr.App. 1979) (failing to find reckless conduct where the defendant intentionally shot the victim to ward off an attack). As a result, the second prong of *Rosseau* is not satisfied, and we conclude the trial court did not err in refusing to instruct the jury on the lesser included offense of manslaughter. Appellant's first issue is overruled. Our disposition of this issue pretermits consideration of appellant's remaining issue. *See* Tex. R. App. P. 47.1.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.

5