Opinion issued April 19, 2012

 



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-08-00349-CR

———————————

Melvin Charles Sweed, Jr., Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 262nd District Court

Harris County, Texas



Trial Court Case No. 1132101

 



 

MEMORANDUM OPINION ON REMAND FROM THE
COURT OF CRIMINAL APPEALS

 

          A
jury convicted appellant, Melvin Charles Sweed, Jr.,
of the first degree felony offense of aggravated robbery and, after appellant
pleaded true to the allegations in two enhancement paragraphs, assessed
punishment at thirty-eight years’ confinement.[1]  On appeal, appellant contended that the trial
court erred by failing to include in the written charge an instruction on the
lesser-included offense of theft.  A
panel of our Court held that there was no evidence to support appellant’s
contention that his use and exhibition of a deadly weapon did not occur in the
course of or in immediate flight from committing theft, and, thus, appellant
could not have been found guilty only of theft.  See Sweed v. State, 321 S.W.3d 42, 48 (Tex. App.—Houston
[1st Dist.] 2010) (“Sweed I”). 
The panel therefore concluded that he was not entitled to the theft
instruction.  Id.

          Appellant
subsequently filed a petition for discretionary review in the Court of Criminal
Appeals.  The Court of Criminal Appeals
concluded that the evidence raised a fact issue regarding whether appellant’s
use of the deadly weapon occurred in the course of or in immediate flight from
the theft and that more than a scintilla of evidence raised the lesser-included
offense of theft.  See Sweed v. State, 351
S.W.3d 63, 69 (Tex. Crim. App. 2011) (“Sweed II”).  The court concluded
that a rational jury could have found that appellant was guilty only of theft,
and, thus, the trial court erred by not including an instruction on the
lesser-included offense of theft.  Id. 
The Court of Criminal Appeals reversed our judgment and remanded the
case to this Court with instructions to conduct a harm analysis pursuant to Almanza v. State, 686 S.W.2d 157 (Tex. Crim.
App. 1984).

          We
reverse and remand.

Background

          A.      Relevant
Facts

          On
September 6, 2007, the complainant, Sixto Mondragon,
supervised several work crews in replacing the siding on buildings of the
Haverstock Hills apartment complex in northeast Harris County.  Mondragon had seen appellant, who did not
live at the complex and who did not work for Mondragon, “hanging around” the
work crews and speaking with some of the crew members throughout the day.  Later that afternoon, Mondragon heard one of
his crew members yelling that someone “had pulled a knife on him.”  Mondragon saw appellant walk quickly away
while carrying something wrapped in a towel. 
Mondragon and some of his workers followed appellant and watched him
enter an apartment in the complex.  The
employee who initially alerted Mondragon informed him that appellant had stolen
a nail gun.  Mondragon called the police,
and, while waiting for the police to arrive, Mondragon and some crew members
watched the door to the apartment to make sure that appellant did not leave.

          Mondragon
saw appellant leave the apartment approximately five to twenty minutes later wearing
different clothing.  Appellant walked
across a parking lot in the complex and spoke with a group of unidentified men
for no more than five minutes.  He then
started walking back toward the apartment that he had previously entered.  On the way, he recognized Mondragon, pulled
out a pocket knife, and waved the open knife at Mondragon’s chest.  Mondragon testified that he was scared and
that he thought appellant might stab him, so he put his hands in his pockets
and “act[ed] like [he] had a gun or something.”  Appellant did not say anything to Mondragon;
instead, he just walked back into the apartment.  Harris County Sheriff’s Department deputies arrived
approximately five to ten minutes later.

          After
speaking with Mondragon, the deputies knocked on the door of the apartment that
appellant was seen entering.  The
occupant of the apartment gave the deputies consent to search.  The deputies discovered appellant trying to
hide under a bed, and they found a knife in his immediate vicinity.  The deputies also located the nail gun stolen
from Mondragon inside the apartment.  The
State indicted appellant for aggravated robbery.

          During
the charge conference at trial, defense counsel argued that the theft and the
alleged assault of Mondragon were two separate incidents, and, therefore,
appellant should receive an instruction on the lesser-included offense of theft
because the alleged assault did not occur during the commission of or in
“immediate flight” from the theft, which is an essential element of aggravated
robbery.  The State argued that, if the
trial court submitted a lesser-included offense instruction on theft, it should
also submit a lesser-included offense instruction on aggravated assault.  The trial court denied both requests and
instructed the jury solely on the charged offense of aggravated robbery.

          The
jury found appellant guilty of aggravated robbery and, after appellant pleaded
true to the allegations in two enhancement paragraphs, assessed punishment at
thirty-eight years’ confinement.

B.      Court of Criminal Appeals’
Opinion

The Court of Criminal Appeals concluded
that “there was trial evidence presented that supported giving a theft
instruction to the jury.”  Sweed II, 351 S.W.3d at 68.  The court observed,

A person commits theft if
“he unlawfully appropriates property with intent to deprive the owner of
property.”  A person commits robbery if
“in the course of committing theft” and “with intent to obtain or maintain
control of the property,” he “intentionally or knowingly threatens or places
another in fear of imminent bodily injury or death.”  To prove aggravated robbery, the State must
prove robbery plus an aggravating factor, such as the defendant “uses or
exhibits a deadly weapon.”  The robbery
element of “in the course of committing theft” is defined as “conduct that
occurs in an attempt to commit, during
the commission, or in
immediate flight after the attempt or commission of theft.”

 

Id. at 68–69
(citations omitted) (emphasis in original). 
The court noted that, because appellant did not dispute that he
committed the theft, “the central issue at trial was whether Appellant pulled a
knife on Mondragon during or in immediate flight after the commission of the
theft.”  Id. at 69.  The court concluded that more than a
scintilla of evidence existed from which the jury could have reasonably
determined that “theft is a valid, rational alternative to aggravated robbery.”  Id.

The Court of Criminal Appeals
pointed to the facts that appellant fled into an apartment after stealing the
nail gun, remained inside for five to twenty minutes, and changed clothes
before walking back outside.  Id. 
Appellant then walked to another part of the apartment complex, spoke
with a group of men for five to ten minutes, and then threatened Mondragon while
walking back to the apartment into which he had originally fled.  Id.  The court reasoned that “the fifteen to
thirty minute delay and the intervening activities, including Appellant’s act
of leaving the apartment, could rationally be interpreted as evidence that he
was no longer fleeing from the theft.”  Id. 
As a result, a rational jury could conclude that the assault on
Mondragon was a separate event from the theft, “meaning that Appellant could
have been guilty only of the lesser offense of theft and not aggravated
robbery.”  Id.

Because the evidence raised a fact
question regarding whether appellant’s use of the knife occurred in the course
of or in immediate flight from the theft, the evidence supported an instruction
on the lesser included offense of theft. 
Id. at 69–70.  The Court of Criminal Appeals therefore
reversed and remanded the case to this Court to conduct a harm analysis
pursuant to Almanza v. State.  Id. at 70.

Lesser-Included Offense Harm Analysis

          The
trial court’s erroneous refusal to submit a requested instruction on a
lesser-included offense is charge error subject to an Almanza harm analysis.  O’Brien
v. State, 89 S.W.3d 753, 756 (Tex. App.—Houston [1st Dist.] 2002, pet. ref’d) (citing Saunders
v. State, 840 S.W.2d 390, 392 (Tex. Crim. App. 1992)); see Almanza, 686 S.W.2d at 171.  Under Almanza, when error in the jury charge is properly
preserved, reversal is required if the charge error resulted in some harm to
the defendant, “some” meaning “any.”  O’Brien, 89 S.W.3d at 756; see also Henry v. State, 263 S.W.3d 151,
156 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (“‘Some’ harm in an Almanza analysis
means ‘any’ harm; thus, if the charging error causes any actual harm to the
appellant, as opposed to ‘theoretical harm,’ then the error requires a reversal
of the judgment of the trial court.”). 
In this case, appellant properly objected to the charge and requested an
instruction on the lesser-included offense of theft.

“If the charge error involves the
absence of a lesser-included offense [instruction] that leaves the jury with
the sole option to convict the appellant of the charged offense or to acquit
him, some harm exists.”  Henry, 263 S.W.3d at 156 (citing Saunders, 913 S.W.2d at 572).  When the jury is faced with the sole options
of either convicting the defendant of the greater charged offense or acquitting
him, “a finding of harm is essentially automatic because the jury was denied
the opportunity to convict the defendant of the lesser offense.”  O’Brien,
89 S.W.3d at 756; see also Brock v. State,
295 S.W.3d 45, 49 (Tex. App.—Houston [1st Dist.] 2009, pet. ref’d)
(stating same); Robalin
v. State, 224 S.W.3d 470, 477 (Tex. App.—Houston [1st Dist.] 2007, no pet.)
(stating same); Ray
v. State, 106 S.W.3d 299, 302–03 (Tex. App.—Houston [1st Dist.] 2003, no
pet.) (stating same). 
In this scenario, “there is a distinct possibility that the jury,
believing the defendant to have committed some crime, but given only the option
to convict him of the greater offense, may have chosen to find him guilty of
that greater offense, rather than to acquit him altogether, even though it had
a reasonable doubt that he really committed the greater offense.”  O’Brien,
89 S.W.3d at 756 (citing Saunders,
913 S.W.2d at 571); see Beck v. Alabama,
447 U.S. 625, 634, 100 S. Ct. 2382, 2388 (1980); Masterson v. State, 155 S.W.3d 167, 171 (Tex. Crim. App. 2005)
(“[T]he harm from denying a lesser offense instruction stems from the potential
to place the jury in the dilemma of convicting for a greater offense in which
the jury has reasonable doubt or releasing entirely from criminal liability a
person the jury is convinced is a wrongdoer.”).

The Court of Criminal Appeals held
that the evidence presented in this case demonstrates that appellant might be
guilty only of the lesser-included offense of theft, instead of the charged
offense of aggravated robbery, and, therefore, the trial court erroneously
denied his requested theft instruction.  The trial court also denied the State’s
request for a lesser-included offense instruction on aggravated assault.  As a result, the court instructed the jury
solely on the charged offense of aggravated robbery.  The jury, therefore, had two options in this
case:  convict appellant of the charged
offense of aggravated robbery or acquit him. 
The jury chose to convict appellant, and it ultimately assessed
punishment at thirty-eight years’ confinement.

We conclude that because the trial
court denied the jury the opportunity to convict appellant solely of the
lesser-included offense of theft, which it reasonably could have done based
upon the evidence presented at trial, its erroneous failure to submit this
instruction created “some” harm.  See Masterson, 155 S.W.3d at 171; Brock, 295 S.W.3d at 49; Robalin, 224
S.W.3d at 477; Ray, 106 S.W.3d at
302–03; O’Brien, 89 S.W.3d at
756.  Thus, the trial court’s failure to
submit this instruction constitutes harmful error under Almanza and warrants reversal of
this case.[2]

We sustain appellant’s sole issue.




 

Conclusion

          We
reverse appellant’s conviction and remand the case to the trial court for a new
trial.

 

 

                                                                   Evelyn
V. Keyes

                                                                   Justice


 

Panel
consists of Justices Keyes, Bland, and Sharp.

Do
Not Publish.  Tex. R. App. P. 47.2(b).











[1]           See
Tex. Penal Code Ann.
§ 29.03(a)(2) (Vernon 2011).





[2]
          We note that, on remand, the
State is also entitled to a lesser-included offense instruction on aggravated
assault.  See Sweed v. State, 351 S.W.3d 63, 71
(Tex. Crim. App. 2011) (Johnson, J., concurring) (“Thus, the evidence in the
record supports the giving of an instruction on aggravated assault as a
lesser-included offense of aggravated robbery.”).