**Mel Litherland MARTIN, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 09–01–202 CR.**

Court of Appeals of Texas, Beaumont.

Submitted May 16, 2002.

Decided May 29, 2002.

Discretionary Review Refused Oct. 2, 2002.

Stephen Simonsen, Joseph J. LaBella, Conroe, for appellant.

Michael A. McDougal, Dist. Atty., Michael M. Valdez, Dan P. Bradley, Asst. Dist. Attys., Conroe, for state.

Before WALKER, C.J., BURGESS, and GAULTNEY, JJ.

## OPINION

DON BURGESS, Justice.

On trial for intoxication manslaughter, a jury convicted Mel Litherland Martin of the lesser included offense of driving while intoxicated. The trial court determined that because Martin had been previously convicted of two DWIs, she should be punished for felony DWI (third degree). The trial court sentenced Martin to three years' confinement, suspended for five years.

Martin's first point of error contends the trial court erred in applying section 49.09 of the Texas Penal Code to this case.

Point of error two charges the trial court erred in punishing Martin for a third degree felony because the jury made no finding that the prior convictions for DWI were true. We sustain point of error two, and as sustaining point of error one would render no greater relief we do not address its merits.

■ Martin asserts the two prior convictions are elements of the offense and therefore must be included in the charge to the jury to support a conviction for felony DWI. The State counters that the two prior convictions are "jurisdictional" elements and because the trial court had jurisdiction due to the felony charge of intoxication manslaughter, a jury finding on the prior DWIs was not required. The State further contends the two prior convictions serve the purpose of enhancing punishment therefore it was proper for the trial court to withhold its finding of true until the punishment phase.

■ The Court of Criminal Appeals has previously addressed both of these arguments. In *Gibson v. State*, 995 S.W.2d 693, 696 (Tex.Crim.App.1999) (emphasis added), the court noted that

> prior intoxication-related offenses, whether they are felonies or misdemeanors, serve the purpose of establishing whether the instant offense qualifies as felony driving while intoxicated. The prior intoxication-related offenses *are elements of the offense* of driving while intoxicated. They define the offense as a felony and are admitted into evidence as part of the State's proof of its case-in-chief during the guilt-innocence stage of the trial.

Further, the court stated, "We conclude that prior intoxication-related convictions serve the purpose of *enhancing the offense* in Section 49.09(b) whereas the prior convictions used in Section 12.42(d) serve the

purpose of enhancing punishment. Section 49.09(b) is distinguishable from Section 12.42(d) on this basis.... Our reading of the plain language of Section 49.09(b) also indicates *it should not be viewed as a punishment-enhancement statute* similar to Section 12.42.(d)." *Id.* (footnote omitted) (emphasis added).

 There is simply no support for the State's argument that the trial court was permitted to assume the role of fact-finder on the issue of the two prior convictions. "[T]he prior convictions must be included in the jury charge and found to be true before a jury may find a defendant guilty of the offense of felony DWI." *State v. Mewbourn,* 993 S.W.2d 771, 773 (Tex.App.-Tyler 1999, no pet.). The charge to the jury upon which Martin was convicted permitted a finding of guilt for either intoxication manslaughter or the lesser included offense of driving while intoxicated. The charge did not include the elements necessary to support a conviction for felony DWI and felony DWI is not a lesser included offense of intoxication manslaughter as it includes the additional element of two prior convictions. Consequently the crime for which Martin was convicted was a misdemeanor, not a felony. Accordingly, we reform the judgment to reflect a conviction for driving while intoxicated—all references to this offense as subsequent or to any prior convictions for an offense relating to the operation of a motor vehicle while intoxicated are omitted. As reformed, the judgment of conviction is affirmed as to the adjudication of guilt.

Absent an enhancement statute, there is simply no authority permitting a trial court to punish a defendant for a crime greater than the one of which the jury found her guilty. Accordingly, we find the trial court erred in punishing Martin for a third degree felony.

Generally, when a punishment is not authorized by law, the sentence imposing that punishment is void. *See Levy v. State,* 818 S.W.2d 801, 802 (Tex.Crim.App. 1991). A punishment unauthorized by law refers to punishments assessed that, on their face, are not within the realm of punishments applicable to the particular offense. *See Speth v. State,* 6 S.W.3d 530, 532 (Tex.Crim.App.1999). Martin received such a sentence.

Accordingly, the judgment and sentence of the trial court is reversed and the cause remanded to the trial court for a new punishment hearing. *See Young v. State,* 922 S.W.2d 676, 678 (Tex.App.-Beaumont 1996, pet. ref'd); TEX.CODE CRIM. PROC. ANN. art. 44.29(b) (Vernon Supp.2002).

REFORMED, AND AS REFORMED, AFFIRMED IN PART; REVERSED AND REMANDED IN PART.