Opinion issued June 29, 2006










 





In The

Court of Appeals

For The

First District of Texas






NO. 01-05-00533-CR






FELICIANO HUMBERTO RAMIREZ, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 268th District Court

Fort Bend County, Texas

Trial Court Cause No. 04-CR-40192






O P I N I O N


 Feliciano Humberto Ramirez, appellant, was charged with intoxication
manslaughter. Tex. Pen. Code Ann. § 49.08 (Vernon 2003). Appellant pleaded not
guilty. The jury found him guilty and assessed punishment at nine years'
confinement.

 In one point of error, appellant argues that the trial court erred by denying his
request for a jury instruction on the lesser-included offense of driving while
intoxicated.

 We reverse and remand.

Background

 On January 23, 2004, appellant drove his girlfriend, Alicia Gonzalez, to work. 
When he picked her up from work, he was intoxicated. Their two daughters, Emma
and Myra, were in the back seat. Appellant drove erratically, nearly hitting other cars
multiple times. After stopping at the post office and grocery store, appellant
proceeded to drive them to their home. During the drive, appellant was angry, hit
Gonzalez a couple of times, and threatened to kill himself and her.

 The accident took place on Bryan Road. Appellant's car crossed the median
of the road and continued moving over so that an oncoming pickup truck struck
appellant's car on the right side, severely crushing the entire right side of the car. 
Due to the damage, the fire department had to be called to cut Gonzalez out of the
vehicle. Both Gonzalez and Myra were severely injured and had to be taken to a
hospital by Life Flight. Myra did not survive.

 Appellant told Detective Randy Wiesheimer, in Spanish, that Gonzalez had
said she wanted to kill herself, reached for the steering wheel, and caused him to lose
control of the car. He also told Detective Wiesheimer that while they were arguing
over a child support check, Gonzalez tried to reach for it, causing him to lose control
of the vehicle. Appellant told Trooper Kerry Barton, through Dective Wiesheimer's
translations, that the accident occurred while he was trying to take a child support
check out of his wallet. When Gonzalez reached in his pocket to grab the check, he
lost control of the car. At trial, appellant took the stand and testified that Gonzalez
had found a love note that he had written to one of Gonzalez's friends, and Gonzalez
was jealous. According to his testimony, while he was taking a child support check
out of his wallet to give to Gonzalez, she told him that she was going to demonstrate
to him what jealousy was all about, took hold of the steering wheel, and steered the
car into the oncoming lane.

 The police performed a blood-alcohol test on appellant and found his blood-alcohol content to be .20 grams per milliliters, well over the .08 limit.

Lesser-Included Instruction

 In his sole point of error, appellant argues that the trial court erred by denying
his request for a jury instruction on the lesser-included offense of driving while
intoxicated.

 A defendant is entitled to an instruction on a lesser-included offense if (1) the
proof of the charged offense includes the proof required to establish the lesser-included offense and (2) there is some evidence in the record that would permit a jury
rationally to find that if the defendant is guilty, he is guilty only of the lesser offense. 
Ferrel v. State, 55 S.W.3d 586, 589 (Tex. Crim. App. 2001). 

 An offense is a lesser-included offense if "it is established by proof of the same
or less than all the facts required to establish the commission of the offense charged." 
Tex. Code Crim. Proc. Ann. art. 37.09 (Vernon 1981). Intoxication manslaughter
requires that "the person: (1) operates a motor vehicle in a public place . . . and (2) is
intoxicated and by reason of that intoxication causes the death of another by accident
or mistake." Tex. Pen. Code Ann. § 49.08. Driving while intoxicated requires that
"the person is intoxicated while operating a motor vehicle in a public place." Tex.
Pen. Code Ann. § 49.04 (Vernon 2003). Intoxication manslaughter includes the
elements of driving while intoxicated along with the additional requirement that the
intoxication causes the death of another by accident or mistake. Accordingly, the
misdemeanor offense of driving while intoxicated is a lesser-included offense of
intoxication manslaughter. Martin v. State, 84 S.W.3d 267, 269 (Tex.
App.--Beaumont 2002, pet. ref'd).

 Next we must consider whether there is some evidence in the record that would
permit a jury rationally to find that if the defendant is guilty, he is guilty only of the
lesser offense. Ferrel, 55 S.W.3d at 589. If the evidence raises the issue, the trial
court must include an instruction in the jury charge. Rousseau v. State, 855 S.W.2d
666, 672 (Tex. Crim. App. 1993) (quoting Bell v. State, 693 S.W.2d 434, 442 (Tex.
Crim. App. 1985)). "It is well settled that an accused has the right to an instruction
on any defensive issue raised by the evidence, whether that evidence is weak or
strong, unimpeached or contradicted, and regardless of what the trial court may or
may not think about the credibility of the evidence." Granger v. State, 3 S.W.3d 36,
38 (Tex. Crim. App. 1999).

 At trial, Detective Wiesheimer testified that appellant told him that Gonzalez
caused him to lose control of the car, first saying by taking control of the steering
wheel, then saying by reaching for a child support check. Trooper Barton testified
that appellant told him at the scene of the crime that Gonzalez had reached in his
pocket for the child support check, and that had caused him to lose control of the car. 
When appellant took the stand, he testified that Gonzalez took control of the steering
wheel and caused the accident herself. Although contradictory, each of these
statements provides some evidence that the death of Myra was not caused by reason
of appellant's intoxication. We hold that the trial court erred by denying appellant's
request for a jury instruction on driving while intoxicated.

 Having found error, we must analyze the error for harm. The erroneous refusal
to give a requested instruction on a lesser-included offense is charge error subject to
an Almanza harm analysis. Saunders v. State, 840 S.W.2d 390, 392 (Tex. Crim. App.
1992); O'Brien v. State, 89 S.W.3d 753, 756 (Tex. App.--Houston [1st Dist.] 2002,
pet. ref'd); see Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op.
on rehearing). Under that analysis, reversal is required if the error resulted in some
harm to the accused, "some" meaning "any." Arline v. State, 721 S.W.2d 348, 351
(Tex. Crim. App. 1986); Almanza, 686 S.W.2d at 171. If the absence of the
lesser-included offense instruction left the jury with the sole option either to convict
the defendant of the charged offense or to acquit him, harm exists. Saunders v. State,
913 S.W.2d 564, 571 (Tex. Crim. App. 1995). We hold that appellant was harmed
because the jury was not given the opportunity to find him guilty of the lesser offense
raised by the evidence.

 We sustain appellant's sole point of error.

Conclusion

 We reverse the judgment of the trial court and remand for a new trial.


 Laura Carter Higley

 Justice


Panel consists of Justices Jennings, Hanks, Higley.


Justice Jennings concurring in the judgment only.