**Feliciano Humberto RAMIREZ,**
**Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 01–05–00533–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

June 29, 2006.

Discretionary Review Refused
Nov. 15, 2006.

J. Sidney Crowley, Houston, TX, for Appellant.

John J. Harrity, III, Assistant District Attorney–Fort Bend County, David C. Newell, Assistant District Attorney, Richmond, TX, for Appellee.

Panel consists of Justices JENNINGS, HANKS, HIGLEY.

## OPINION

LAURA CARTER HIGLEY, Justice.

Feliciano Humberto Ramirez, appellant, was charged with intoxication manslaughter. TEX. PEN.CODE ANN. § 49.08 (Vernon 2003). Appellant pleaded not guilty. The jury found him guilty and assessed punishment at nine years' confinement.

In one point of error, appellant argues that the trial court erred by denying his request for a jury instruction on the lesser-included offense of driving while intoxicated.

We reverse and remand.

### Background

On January 23, 2004, appellant drove his girlfriend, Alicia Gonzalez, to work. When he picked her up from work, he was intoxicated. Their two daughters, Emma and Myra, were in the back seat. Appellant drove erratically, nearly hitting other cars multiple times. After stopping at the post office and grocery store, appellant proceeded to drive them to their home. During the drive, appellant was angry, hit Gonzalez a couple of times, and threatened to kill himself and her.

The accident took place on Bryan Road. Appellant's car crossed the median of the road and continued moving over so that an oncoming pickup truck struck appellant's car on the right side, severely crushing the entire right side of the car. Due to the damage, the fire department had to be called to cut Gonzalez out of the vehicle. Both Gonzalez and Myra were severely injured and had to be taken to a hospital by Life Flight. Myra did not survive.

Appellant told Detective Randy Wiesheimer, in Spanish, that Gonzalez had said she wanted to kill herself, reached for the steering wheel, and caused him to lose control of the car. He also told Detective Wiesheimer that while they were arguing over a child support check, Gonzalez tried to reach for it, causing him to lose control of the vehicle. Appellant told Trooper Kerry Barton, through Dective Wiesheimer's translations, that the accident occurred while he was trying to take a child support check out of his wallet. When Gonzalez reached in his pocket to grab the check, he lost control of the car. At trial, appellant took the stand and testified that Gonzalez had found a love note that he had written to one of Gonzalez's friends, and Gonzalez was jealous. According to his testimony, while he was taking a child support check out of his wallet to give to Gonzalez, she told him that she was going to demonstrate to him what jealousy was all about, took hold of the steering wheel, and steered the car into the oncoming lane.

The police performed a blood-alcohol test on appellant and found his blood-alcohol content to be .20 grams per milliliters, well over the .08 limit.

### Lesser–Included Instruction

In his sole point of error, appellant argues that the trial court erred by denying his request for a jury instruction on the lesser-included offense of driving while intoxicated.

A defendant is entitled to an instruction on a lesser-included offense if (1) the proof of the charged offense includes the proof required to establish the lesser-included offense and (2) there is some evidence in the record that would permit a jury rationally to find that if the defendant is guilty, he is guilty only of the lesser offense. *Ferrel v. State*, 55 S.W.3d 586, 589 (Tex.Crim.App.2001).

An offense is a lesser-included offense if "it is established by proof of the same or less than all the facts required to establish the commission of the offense charged." TEX.CODE CRIM. PROC. ANN. art. 37.09 (Vernon 1981). Intoxication manslaughter requires that "the person: (1) operates a motor vehicle in a public place . . . and (2) is intoxicated and by reason of that intoxication causes the death of another by accident or mistake." TEX. PEN. CODE ANN. § 49.08. Driving while intoxicated requires that "the person is intoxicated while operating a motor vehicle in a public place." TEX. PEN.CODE ANN. § 49.04 (Vernon 2003). Intoxication manslaughter includes the elements of driving while intoxicated along with the additional requirement that the intoxication causes the death of another by accident or mistake. Accordingly, the misdemeanor offense of driving while intoxicated is a lesser-included offense of intoxication manslaughter. *Martin v. State*, 84 S.W.3d 267, 269 (Tex. App.-Beaumont 2002, pet. ref'd).

Next we must consider whether there is some evidence in the record that would permit a jury rationally to find that if the defendant is guilty, he is guilty only of the lesser offense. *Ferrel*, 55 S.W.3d at 589. If the evidence raises the issue, the trial court must include an instruction in the jury charge. *Rousseau v. State*, 855 S.W.2d 666, 672 (Tex.Crim.App.1993) (quoting *Bell v. State*, 693 S.W.2d 434, 442 (Tex.Crim.App.1985)). "It is well settled that an accused has the right to an instruction on any defensive issue raised by the evidence, whether that evidence is weak or strong, unimpeached or contradicted, and regardless of what the trial court may or may not think about the credibility of the evidence." *Granger v. State*, 3 S.W.3d 36, 38 (Tex.Crim.App.1999).

At trial, Detective Wiesheimer testified that appellant told him that Gonzalez caused him to lose control of the car, first saying by taking control of the steering wheel, then saying by reaching for a child support check. Trooper Barton testified that appellant told him at the scene of the crime that Gonzalez had reached in his pocket for the child support check, and that had caused him to lose control of the car. When appellant took the stand, he testified that Gonzalez took control of the steering wheel and caused the accident herself. Although contradictory, each of these statements provides some evidence that the death of Myra was not caused by reason of appellant's intoxication. We hold that the trial court erred by denying appellant's request for a jury instruction on driving while intoxicated.

Having found error, we must analyze the error for harm. The erroneous refusal to give a requested instruction on a lesser-included offense is charge error subject to an *Almanza* harm analysis. *Saunders v. State*, 840 S.W.2d 390, 392 (Tex. Crim.App.1992); *O'Brien v. State*, 89 S.W.3d 753, 756 (Tex.App.-Houston [1st Dist.] 2002, pet. ref'd); *see Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App. 1985) (op. on rehearing). Under that anal-

43

ysis, reversal is required if the error resulted in some harm to the accused, "some" meaning "any." *Arline v. State,* 721 S.W.2d 348, 351 (Tex.Crim.App.1986); *Almanza,* 686 S.W.2d at 171. If the absence of the lesser-included offense instruction left the jury with the sole option either to convict the defendant of the charged offense or to acquit him, harm exists. *Saunders v. State,* 913 S.W.2d 564, 571 (Tex.Crim.App.1995). We hold that appellant was harmed because the jury was not given the opportunity to find him guilty of the lesser offense raised by the evidence.

We sustain appellant's sole point of error.

### Conclusion

We reverse the judgment of the trial court and remand for a new trial.

Justice JENNINGS concurring in the judgment only.