**Larry Douglas HENRY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–05–00845–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 11, 2007.

---

Casie L. Gotro, Houston, TX, Michael Logan Ware, Fort Worth, TX, for Appellant.

Peyton Z. Peebles, III, Assistant District Attorney, Houston, TX, for The State of Texas.

Panel consists of Justices TAFT, KEYES, and HANKS.

## OPINION

EVELYN V. KEYES, Justice.

A jury convicted appellant, Larry Douglas Henry, of intoxication manslaughter and assessed punishment at nine years in prison. *See* TEX. PEN.CODE ANN. § 49.08

(Vernon 2003). In four points of error, appellant contends (1) the trial court erred by denying appellant's request to instruct the jury on the lesser-included offense of driving while intoxicated; (2) he received ineffective assistance of counsel during the voir dire examination of the venire; (3) the trial court abused its discretion in admitting the results of appellant's blood analysis without a proper chain of custody; (4) the trial court abused its discretion in admitting the results of appellant's blood analysis and testimony regarding that analysis over appellant's hearsay objections.

We reverse and remand the cause.

## Background

On October 31, 2004, appellant visited his neighbor, Troy Hewlitt, at his Northwest Houston home around nine o'clock in the evening. Appellant testified to drinking half a beer while at Hewlitt's house. Later that evening, appellant's friend, Douglas McIntyre, arrived at Hewlitt's house. During the evening, McIntyre began to argue with his wife, and appellant offered to leave Hewlitt's house with McIntyre, so that McIntyre could "cool off a little bit."

Appellant drove McIntyre in appellant's Ford F–350 pickup truck to The Alamo Ice House, a bar approximately 15 to 20 minutes from Hewlitt's house, where appellant was previously scheduled to meet someone about a job opportunity. Appellant and McIntyre stayed at the bar for approximately one hour, where they each consumed two beers.

During the drive back to Hewlitt's house, McIntyre testified that appellant was not speeding, was driving in accordance with all other rules of traffic, and was not swerving or swaying. As they approached Hewlitt's neighborhood, traveling southbound on Hollister Road, appellant approached the intersection of West Little York and Hollister. McIntyre testified that he recalled appellant turning on his left turn signal before he entered the intersection. Appellant attempted to make a left turn from Hollister onto West Little York when he collided with a Honda sedan, driven by the complainant, Jose Sanchez, who was traveling northbound on Hollister.

Melissa Penilla testified that the she was traveling northbound on Hollister directly behind the complainant at the time of the accident. She testified that she witnessed the complainant drive through a red light from the left turn lane at the Hollister and West Little York intersection and collide with appellant's truck.

Captain R. Roberts of the Houston Fire Department arrived at the accident scene, where he and his team had to remove the complainant from his vehicle with the "jaws-of-life." The complainant did not respond to emergency personal and appeared to have severe facial injuries and blood loss as a result of the accident. An ambulance transferred the complainant to Ben Taub Hospital where he was pronounced dead later that evening.

Harris County Sheriff Deputies at the accident scene suspected that appellant might have been drinking. They administered a field sobriety test to appellant and, after determining that appellant did not have control of his physical and mental faculties at the time of the accident, transported him to Ben Taub Hospital. After the hospital staff treated appellant for injuries he had suffered in the accident, Harris County Sheriff's Deputy A. Marines performed another field sobriety test. After appellant failed the field sobriety test for a second time, Deputy Marines arrested him for intoxication manslaughter.

Deputy Marines then supervised the collection of appellant's blood sample by a nurse at the hospital. Marines delivered the sample to the Harris County Medical Examiner's Office for analysis. Dr. Terry Danielson, the assistant chief toxicologist with the Harris County Medical Examiner's Office, testified that appellant's blood-alcohol content was 0.22 grams of alcohol per 100 milliliters blood, which was over the legal limit of 0.08 grams per 100 milliliters. *See* Tex. Pen.Code Ann. § 49.01(1)(B), (2)(B) (Vernon 2003) (defining intoxication as having a blood-alcohol content level of 0.08 grams of alcohol per 100 milliliters of blood or more). Dr. Danielson conceded that his laboratory staff performed the actual analysis of appellant's blood and that he only approved the results.

A jury later convicted appellant of intoxication manslaughter. Appellant appeals from his conviction.

### Lesser–Included Offense

In his first point of error, appellant contends that the trial court erred by denying his request for a jury instruction on the lesser-included offense of driving while intoxicated ("DWI"). Prior to the court's reading the charge to the jury, appellant requested that the lesser-included offense of DWI be included in the jury charge. The court denied the request.

The defendant's request for a lesser-included offense instruction to the jury should be granted if a two-pronged test is met. *Ferrel v. State*, 55 S.W.3d 586, 589 (Tex.Crim.App.2001). First, "the charged offense [must] include[ ] the proof required to establish the lesser-included offense." *Id.*; Tex.Code Crim. Proc. Ann. art. 37.09(1) (Vernon 2006). Second, there must be

"some evidence in the record that would permit a jury rationally to find that if the defendant is guilty, he is guilty only of the lesser offense." *Ferrel*, 55 S.W.3d at 589.

Here, the State charged appellant with intoxication manslaughter. *See* Tex. Pen.Code Ann. § 49.08. Intoxication manslaughter is committed if a person (1) "operates a motor vehicle in a public place," (2) "is intoxicated," and (3) "by reason of that intoxication, causes the death of another by accident or mistake." *Id.* § 49.08(a). Appellant requested that DWI be included in the charge as a lesser-included offense of intoxication manslaughter. A person is DWI "if the person is intoxicated while operating a motor vehicle in a public place." *Id.* § 49.04(a) (Vernon 2003). Because intoxication manslaughter includes all of the elements of DWI, intoxication manslaughter includes the proof required to establish the offense of driving while intoxicated. Thus, the misdemeanor offense of driving while intoxicated is a lesser included-offense of intoxication manslaughter. *Ramirez v. State*, 2006 WL 2075261, at *2, 263 S.W.3d 40, 42 (Tex. App.-Houston [1st Dist.] 2006, pet. ref'd); *Martin v. State*, 84 S.W.3d 267, 269 (Tex. App.-Beaumont 2002, pet. ref'd). The first prong of the lesser-included-offense test has been satisfied.[1]

We next determine whether some evidence is included in the record that would allow a rational juror to find that, if the appellant is guilty, he is guilty only of the requested lesser offense. *Ferrel*, 55 S.W.3d at 589. We may not consider "whether the evidence is credible, controverted, or in conflict with other evidence." *Moore v. State*, 969 S.W.2d 4, 8 (Tex.Crim. App.1998). If some evidence "affirmatively

---

1. The State does not dispute that misdemeanor DWI is a lesser included offense of intoxi-   cation manslaughter.

rebuts or negates" a required element of the charged offense, the lesser-included charge may be raised. *Schweinle v. State*, 915 S.W.2d 17, 19 (Tex.Crim.App.1996).

Here, a required element in the charged offense of intoxication manslaughter is causing the death of another by reason of the intoxication, which is not required in the requested lesser offense of DWI. *Compare* Tex. Pen.Code Ann. § 49.08(a), *with* Tex. Pen.Code Ann. § 49.04(a). It is not enough that operation of a vehicle, even by an intoxicated person, causes the death; rather, the "death must be the result of the intoxication and proof must be made ... of that thing which worked a causal connection between the intoxication and the death." *Daniel v. State*, 577 S.W.2d 231, 233 (Tex.Crim.App.1979); *see also Glauser v. State*, 66 S.W.3d 307, 313 (Tex. App.-Houston [1st Dist.] 2000, pet. ref'd).

In *Ramirez v. State*, we considered whether the trial court erred when denying a request for the lesser included charge of DWI when the charged offense was intoxication manslaughter. *Ramirez*, 2006 WL 2075261, at *1, at 41. Ramirez was driving his girlfriend and his two daughters home from the grocery store when his car crossed the median of the road on which they were traveling and struck an oncoming truck. *Id.* Ramirez's daughter died from the injuries sustained in the accident. *Id.* When the police performed a blood-alcohol analysis on him, Ramirez had 0.20 grams of alcohol per 100 milliliters of blood, significantly over the 0.08 limit; he was charged with intoxication manslaughter for the death of his daughter. *Id.*

The testimony at trial showed that prior to the accident, Ramirez was arguing with his girlfriend and that either she took control of the steering wheel, causing the car to loose control, or he lost control of the vehicle while retrieving a child-support check. *Id.* We concluded that, even though the evidence may be contradictory, at least some evidence showed that the death was not caused by appellant's intoxication; therefore, we held that appellant was harmed because the trial court erred in not instructing the jury on the lesser included-offense of DWI. *Id.* at *2, at 42.

Here, appellant's blood alcohol content was 0.22 grams of alcohol per 100 milliliters of blood, and he failed two field sobriety tests. However, Penilla, an eyewitness to the accident, testified that the complainant's car, a green Honda, was driving in front of her and that the Honda was in the same left hand lane as she was. She stated that "the car in front of me ran the red light and got in an accident with the truck." She said that she saw and heard everything. She also believed that the complainant was in the process of turning left on West Little York.

In addition, Thomas Grubbs testified for appellant as an accident-reconstruction expert and concluded from his investigation that the complainant's Honda was traveling at 51 miles-per-hour at the time of impact. The speed limit on Hollister was 40 miles-per-hour according to Deputy D. Pearson. Penilla testified that the speed limit on Hollister was 35 miles-per-hour.

McIntyre testified that appellant was obeying all traffic laws and not swerving, swaying, or speeding at the time of the accident. McIntyre also testified that the light only turned yellow as appellant's truck entered the intersection. McIntyre testified that, when they left the bar, appellant did not seem impaired to him. Appellant did not slur his speech and did not walk "funny" or stagger in any way. As they were driving home, appellant was not exceeding the speed limit or swerving along the road. McIntryre testified that it appeared to him that appellant was obeying all the traffic laws. McIntrye stated

that, "as far as [he could] recall," appellant used his turn signal. McIntrye further testified that he did not see any headlights coming toward him. As appellant approached the intersection, it was green, but then changed to yellow. McIntryre believed that, as they "hit the intersection," the light turned to yellow.

Like *Ramirez*, appellant has offered at least some evidence that the complainant's death was not caused by appellant's intoxication. *See Ramirez*, 2006 WL 2075261, at *2, at 42. If a jury chose to believe Penilla and Grubbs, appellant's accident reconstruction expert, it could rationally conclude that the complainant's conduct of running a red light and speeding was clearly sufficient to cause the accident and the complainant's subsequent death. Likewise, if a jury chose to believe only the testimony of appellant's passenger, McIntyre, it could rationally conclude that appellant's intoxication—which according to McIntyre did not manifest itself in the violation of traffic laws or any other behavior that would demonstrate the loss of physical and mental capacity—was clearly insufficient to cause the complainant's death. Accordingly, appellant has produced more than a scintilla of evidence to negate the causation element of the charged offense of intoxication manslaughter, and a rational juror could have found appellant guilty only of the lesser-included offense of DWI. Thus, the trial court erred in denying appellant's request for a jury instruction on the lesser-included offense of DWI.[2] *See Ramirez*, 2006 WL 2075261, at *2, at 42.

*Has appellant been harmed?*

■■■ If the trial court errs in regard to the jury charge in a criminal case, and the appellant timely objects to that error at trial, as in the instant case, we determine harm by conducting an *Almanza* harm analysis. *See Saunders v. State*, 840 S.W.2d 390, 392 (Tex.Crim.App.1992); *O'Brien v. State*, 89 S.W.3d 753, 756 (Tex. App.-Houston [1st Dist.] 2002, pet. ref'd); *see also Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App.1985) (op. on reh'g). In that analysis, some harm is required for reversible error. *Almanza*, 686 S.W.2d at 171. "Some" harm in an *Almanza* analysis means "any" harm; thus, if the charging error causes any actual harm to the appellant, as opposed to "theoretical harm," then the error requires a reversal of the judgment of the trial court. *Arline v. State*, 721 S.W.2d 348, 351 (Tex.Crim. App.1986); *Almanza*, 686 S.W.2d at 171. If the charge error involves the absence of a lesser-included offense that leaves the jury with the sole option to convict the appellant of the charged offense or to acquit him, some harm exists. *Saunders v. State*, 913 S.W.2d 564, 572 (Tex.Crim.App. 1995); *Ramirez*, 2006 WL 2075261, at *2, at 42.

Although the evidence showed that appellant may be guilty only of the lesser offense, DWI, the trial court gave the jury the sole option of convicting appellant of the charged offense of intoxication manslaughter or acquitting him. The "available compromise" of the lesser-included offense was absent due to the error of the trial court. *See Saunders*, 913 S.W.2d at

---

2. Moreover, the trial court gave appellant an instruction on concurrent causation. *See* Tex. Pen.Code Ann. § 6.04 (Vernon 2003). The charge stated, "A person is criminally responsible if the result would not have occurred but for his conduct, operating either alone or concurrently with another cause, unless the concurrent cause was clearly sufficient to produce the result and the conduct of the defendant clearly insufficient." By giving appellant a section 6.04 instruction, the trial court acknowledged that causation was a fact issue, and therefore, appellant was entitled to an instruction on the lesser included offense of DWI.

572. Accordingly, because some harm exists, the error is reversible. *See Ramirez,* 2006 WL 2075261, at *2, at 42. We hold that appellant suffered harm because the trial court erred by not giving the jury the option of finding him guilty of a lesser-included offense that was raised by evidence. *Id.*

We sustain appellant's first point of error.

### Conclusion

Because we sustain appellant's first point of error, that the trial court committed reversible error by denying appellant's request for a jury instruction on the lesser-included offense of DWI, we reverse the judgment of the trial court and remand for further proceedings.